**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| VANCE SCHOLLS | CIVIL ACTION NO. 26-0801 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| BRYAN PATTERSON, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Vance Scholls ("Petitioner") filed a Motion for Judgment on Partial Findings, or Alternatively, Motion for Evidentiary Hearing ("motion"). Record Document 21. For the following reasons, the motion is **DENIED**.

On April 29, 2026, Petitioner filed a motion for temporary restraining order and preliminary injunction. Record Document 5. On May 19, 2026, the motion was denied because the Petitioner was noncompliant with Immigration and Customs Enforcement's ("ICE") removal efforts by refusing to complete an application for travel documents. Record Document 12 at 2.

In his motion, Petitioner argued that his continued detention is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678 (2001) where the United States Supreme Court held that post-removal detention must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. To obtain *Zadvydas* relief, the petitioner "has the initial burden to show that post-removal-order detention has surpassed six months, and to 'provide good cause to believe that there is no significant likelihood of removal in the reasonably

foreseeable future." *Uriostegui Rios v. Trump*, No. 25-1320, 2026 WL 810556, at *2 (W.D. La. Mar. 24, 2026).

Petitioner has not met his initial burden for relief under *Zadvydas* because his removal period was tolled. 8 U.S.C. § 1231(a)(1)(C) states: "The removal period shall be extended beyond a period of 90 days, and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure…" Furthermore, the United States Court of Appeals for the Fifth Circuit has held that the six-month removal period is tolled when an alien "by his conduct has intentionally prevented the INS from effecting his deportation." *Balogun v. Immigr. Nat. Serv.*, 9 F.3d 347, 351 (5th Cir. 1993). The removal period is "tolled until petitioner begins to cooperate." *Id.*

Here, Petitioner refused to complete an application for travel documents six times between September 5, 2025 and April 28, 2026. Record Document 8-1 at 2. It was not until June 1, 2026 that Petitioner contacted his Deportation Officer ("DO") requesting to sign the necessary forms. Record Document 21-1 at 3. He signed the forms on June 16, 2026. *Id.* Pursuant to *Balogun*, the removal period for Petitioner was tolled until this date because that is when he began to cooperate. 9 F.3d at 351. Only four months and three days have passed since Petitioner signed the requested form, so his motion is premature. Accordingly, Petitioner's motion is **DENIED**.

**DONE AND SIGNED** at Shreveport, Louisiana, this 19th day of October, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE